JANET CASEY, RESPONDENT, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, APPELLANT.

Argued May 23, 1924—Decided October 20, 1924.

1. It lies in the discretion of the trial judge whether a leading question shall be permitted to be asked, and it was not error to allow such question unless a clear abuse of discretion is shown.

2. A witness who has qualified as a physician and an X-ray specialist may be asked if the condition of an injured patient, as he observed it, was such as he would expect from the condition that he X-rayed.

3. Plaintiff had alighted from a trolley car, having with her an invalid lady of considerable weight, and while crossing the street was struck and injured by a trolley car running on the other track. The day had been stormy, and snow had fallen, which had been ploughed from the trolley tracks into three banks, all of which it was necessary for the plaintiff and her companion to cross; it was a dark, foggy and misty night, and there were no street lights burning. Under the conditions recited, it was not a question of law whether the plaintiff was guilty of contributory negligence, but one of fact for the determination of the jury.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment upon a verdict of $2,500 obtained at the Atlantic County Circuit Court in favor of the respondent.

The suit was for the purpose of recovering damages for personal injuries suffered by respondent because of the alleged negligence of the servant of the appellant in the operation of a trolley car.

The happening complained of was at Maine and Drexel avenues, in Atlantic City. The respondent, a trained nurse, was in charge of an invalid patient, a woman of fifty years of age, and weighing one hundred and ninety-five pounds.

They had been passengers on a northbound car which had been stopped between Drexel and Melrose avenues for the purpose of permitting them to alight, and they had walked from this point north to Drexel avenue for the purpose of crossing to the opposite side of Maine avenue in order to reach the home of respondent's patient. It was about seven-fifteen in the evening. The day had been stormy and snow had fallen. The tide had been so high as to carry debris over the roadway. The snow had been plowed from the trolley tracks into three banks—one on the ocean side of the northbound tracks, one between the north and southbound tracks, and still another on the far side of the southbound tracks. It was foggy and misty; a dark, stormy night, and no street lights burning.

Plaintiff testified she looked for cars before going over the first pile of snow, again before going over the pile between the tracks, and again when she, with her patient in charge, were between the rails of the southbound track, at which place, and for the first time, she saw the car bearing down upon them at a high rate of speed. She then hurried in her attempt to get with her patient off of the tracks and to the snow bank on the opposite side. In this she failed. The car struck both her and her patient, the latter being killed and respondent injured.

The car in question came from the direction of the Inlet, a distance of about eight hundred (800) feet from the point

of accident. For the first two hundred (200) feet the tracks are on a slight curve, but for the remainder of the distance they are perfectly straight. It was insisted that the car was lighted, left the Inlet at seven-twelve P. M., and was traveling at no time beyond fifteen miles per hour.

There are several reasons assigned for error in the admission and exclusion of answers to questions.

1. "Doctor, will you say that a collision with a trolley car might produce a condition of nervousness such as you saw?"

The objection was that the question was leading, and not the proper form of question.

The question is leading, but it is in the discretion of the trial judge to permit or deny the use of such questions, and it is not error unless there is a clear abuse of discretion, and we find none here.

Appellant now urges that the question is directed to a possibility, and is therefore erroneous because probabilities only can be dealt with. That is quite true, but appellant called the attention of the trial court to no such infirmity in the question, and, therefore, may not have the benefit of it here.

2. "Would you, then, say the condition of her wrist, as you observed it, was such as you would have expected from the condition that you X-rayed?"

There was no error in permitting this question to be answered. The witness had qualified as a physician as well as an X-ray specialist. He had testified to an external examination of the injury; to having made an X-ray of the injured parts, and was being asked to compare the conditions as he found them from both examinations.

3. The following question, upon direct examination of the motorman, a witness for defendant. "Q. What is the use of the light—the headlight?" Although objected to, the witness answered it by saying, "To warn people, I guess."

Defendant was evidently intending to show by the witness that the headlight had some other use or purpose than to warn persons of the approach of the car. It was not shown that the witness knew the purposes of the headlight, and

under any circumstances the exclusion was not harmful to defendant.

Under any circumstance, after an examination of the whole case, it does not appear that the admission or exclusion of any of the foregoing questions injuriously affected the substantial rights of the defendant and, therefore, error making for reversal does not exist. *Pamph. L.* 1912, *p.* 377, § 27.

The remaining error urged is the refusal of the trial court to direct a verdict in favor of the defendant upon the ground that respondent was guilty of contributory negligence.

We think there was no error in this. Contributory negligence is nearly always a question of fact requiring the finding of the jury thereon. We think that was the situation in the present case, and that the present case is distinguishable from *Brown* v. *Railroad Company,* 68 *N. J. L.* 618.

In the present case respondent had obstacles in her pathway across the tracks; mounds of snow, placed there by appellant company, requiring great attention in her manner of crossing to protect herself from injury therefrom, and, furthermore, had in her charge a heavy, invalided patient, whose safe conduct across these mounds of snow required further careful attention on the part of respondent.

Therefore, we think, very properly, the question of contributory negligence was submitted to the jury for its finding upon and under these facts and extraordinary circumstances.

Finding no error, the judgment below is affirmed, with costs.

*For reversal*—None.